

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 1 0 2013

CLERK, U.S. DISTRICT COURT

By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DAMIEN RASHAD CLARK,             §
                                 §
          Petitioner,            §
                                 §
v.                               §      No. 4:13-CV-244-A
                                 §
RICK THALER, Director,           §
Texas Department of Criminal     §
Justice, Correctional            §
Institutions Division,           §
                                 §
          Respondent.            §

MEMORANDUM OPINION
and
ORDER

This is a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 filed by petitioner, Damien Rashad Clark, a state

prisoner currently incarcerated in New Boston, Texas, against

Rick Thaler, Director of the Texas Department of Criminal

Justice, Correctional Institutions Division, respondent.  After

having considered the pleadings, state court records, and relief

sought by petitioner, the court has concluded that the petition

should be dismissed as time-barred.

I.  Factual and Procedural History

On July 21, 2011, pursuant to a plea agreement, petitioner

waived his right to a jury trial, pleaded guilty and was

sentenced to two 60-year terms of imprisonment for attempted

capital murder and murder in Case Nos. 1196923D and 1196924D in Tarrant County, Texas.  (01SHR at 111; 02SHR at 111[1])  Petitioner did not directly appeal his convictions.  He did however, on November 12, 2012, file two state habeas applications challenging his convictions, which were denied without written order on the findings of the trial court on January 30, 2013.[2]  (01SHR at cover, 13; 02SHR at cover, 13) This federal petition for habeas relief challenging both convictions is deemed filed on February 13, 2013.[3] (Pet. at 10)  Respondent contends the petition is untimely.  (Resp't Prel. Resp. at 3-6)

## II.  Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of

------

[1]"01SHR" refers to the state court record in petitioner's state habeas application no. WR-78,842-01; "02SHR" refers to the state court record in his state habeas application no. WR-78,842-02.

[2]Petitioner's state habeas applications are deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).  The applications do not state the date petitioner placed the documents in the prison mailing system, however the "Inmate's Declaration" on each application was signed by petitioner on November 12, 2012; thus, for purposes of these findings, the undersigned deems the state applications filed on November 12, 2012.

[3]A pro se habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

limitations on federal petitions for writ of habeas corpus filed

by state prisoners.   Section 2244(d) provides:

> (1)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—

> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> > (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> > (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the

limitations period began to run on the date on which the

judgments of conviction became final by the expiration of the

time for seeking direct review.   For purposes of this provision,

the judgments of conviction became final and the one-year

limitations period began to run upon expiration of the time

petitioner had for filing a timely notice of appeal on Monday,

August 22, 2011,[4] and closed one year later on August 22, 2012,

absent any applicable tolling.   *See* TEX. R. APP. P. 26.2; *Flanagan*

*v. Johnson*, 154 F.3d 196, 200-02 (5ᵗʰ Cir. 1998).

Petitioner's state habeas applications filed on November 12,

2012, after limitations had already expired did not operate to

toll the limitations period under the statutory provision.   *Scott*

*v. Johnson*, 227 F.3d 260, 263 (5ᵗʰ Cir. 2000).   Nor has

petitioner alleged or demonstrated rare and exceptional

circumstances that would justify tolling as a matter of equity.

Equitable tolling is permitted only in rare and exceptional

circumstances when an extraordinary factor beyond the

petitioner's control prevents him from filing in a timely manner.

*See Holland v. Florida*, — U.S. — , 130 S. Ct. 2549, 2560 (2010);

*Davis v. Johnson*, 158 F.3d 806, 811 (5ᵗʰ Cir. 1998).   There is no

evidence whatsoever in the record that petitioner was prevented

---

[4]August 20, 2011, was a Saturday.

in some extraordinary way from asserting his rights in state or federal court.   Ignorance of the law, *pro se* status, and separation from his legal materials during prison transfers are common problems for inmates seeking postconviction relief and do not constitute "rare and exceptional" circumstances warranting equitable tolling.   (Pet'r Resp. at 1-2)   *Scott*, 227 F.3d at 263; *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000).   Nor does petitioner present evidence in support of his allegation that he suffers from a mental disorder and that due to his mental condition he was unable to pursue habeas relief in a timely manner.   *Fisher v. Johnson*, 174 F.3d 710, 715-16 (5th Cir. 1999).

Petitioner's federal petition was due on or before August 22, 2012, therefore his petition filed on November 12, 2012, was filed beyond the limitations period and is untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for

the reasons discussed herein, the court further ORDERS that a

certificate of appealability be, and is hereby, denied, as

petitioner has not demonstrated his petition is timely and has

not made a substantial showing of the denial of a constitutional

right.

SIGNED May ___ *l 0* ___, 2013.

_____

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE